# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| BUTAN VALLEY, N.V. | § | Bankruptcy Case No. 07-36856 |
|     Debtor | § | |

-----------------------------------------------------------------------------------------

| | | |
|---|---|---|
| | § | |
| OSAMA ALKASABI, | § | **CIVIL ACTION NO. H-09-0439** |
|     Appellant, | § | |

and

| | | |
|---|---|---|
| In re: | § | |
| BUTAN VALLEY, N.V. | § | Bankruptcy Case No. 07-36856 |
|     Debtor | § | Adversary Number 08-3039 |

-----------------------------------------------------------------------------------------

| | | |
|---|---|---|
| | § | |
| OSAMA ALKASABI, | § | **CIVIL ACTION NO. H-09-0455** |
|     Appellant, | § | |

## MEMORANDUM AND ORDER

Appellant Osama Alkasabi has filed an "Emergency Injunction and Motion to
Stay Bankruptcy Court Order of Sale of Properties Pending Appeal" [Doc. # 14 in
Civil Action No. 09-0439; Doc. # 14 in Civil Action No. 09-0455] and a
"Supplemental Brief of Emergency Injunction and Motion to Stay Bankruptcy Court
Order of Sale of Properties Pending Appeal" [Doc. # 15 in Civil Action No. 09-0439;
Doc. # 15 in Civil Action No. 09-0455] (collectively, "Motions for Stay"). Having

reviewed the full record in these appeals, including Appellant's late-filed brief, and

having applied the governing legal authorities, the Court **denies** the Motions for Stay.

A stay pending appeal[1] is extraordinary relief and should be granted on when

the following four conditions are satisfied:  (1) the movant has shown a likelihood of

success on the merits of the appeal, (2) the movant has shown that he will suffer

irreparable injury if the stay is not granted, (3) the granting of the stay would not

substantially harm any other parties, and (4) granting the stay would serve the public

interest. *See Reading & Bates Petroleum Co. v. Musslewhite*, 14 F.3d 271, 272 (5th

Cir. 1994).

With reference to the first factor, the Court finds that Movant has very little

likelihood of success on these two appeals.  The Court has reviewed the identical

Appellant's briefs filed in these two cases and finds that they do not identify any

issues on appeal on which Appellant is likely to succeed.  For example, Appellant

complains that the Bankruptcy Court granted summary judgment based on affidavits

and without allowing Appellant to conduct cross-examination.  *See* "Third Issue" in

Appellant's Brief [Doc. # 6 in Civil Action No. 09-0439; Doc. # 6 in Civil Action No.

09-0455], p. 17.  Appellant also asserts that the Bankruptcy Court erred by granting

---

[1]     The two appeals have been dismissed, but Appellant filed Motions to Reinstate the
        Appeals.  The Court has considered the Motions for Stay as if the appeals were
        pending.

summary judgment when Appellant's original complaint satisfied the notice pleading requirement which "as a matter of law" prevented summary judgment. *See* "Fifth Issue" in Appellant's Brief, p. 19. Appellant also argues that the Bankruptcy Court "committed a reversible error" when it granted summary judgment without Plaintiff/Appellant's consent and, thereby, deprived Appellant of his right to a jury trial. *See* "Eighth Issue" in Appellant's Brief, p. 26. Appellant also challenges the Bankruptcy Court's decision not to recommend withdrawal of the reference of the Adversary Proceeding (08-3039).[2] *See* "Tenth Issue" in Appellant's Brief, p. 30; "Fourtyth [*sic*] Issue" in Appellant's Brief, p. 69; "Fourty [*sic*] First Issue" in Appellant's Brief, p. 70. Indeed, although Appellant addresses fifty issues in his 89-page Brief on appeal, he has failed to demonstrate a likelihood of success on any of those issues.

The Court also notes on the issue of likelihood of success on the merits that neither Notice of Appeal for the two subject appeals identifies the Order Scheduling Public Auction [Doc. # 216 in Bankruptcy Case 07-36856] as a subject of the appeal,

---

[2]    Adversary 08-3039 involved a breach of contract lawsuit filed by Alkasabi in Texas state court against Societe Generale, ABN Amro, and Rampart Acquisitions Corporation LLC ("Rampart"). Alkasabi alleged that those three defendants breached an oral agreement whereby the two banks would compromise a federal court judgment for $7,142,001.06 in exchange for Alkasabi's payment of $656,058.08, but instead transferred the judgment to Rampart. It was on this claim that the Bankruptcy Court eventually entered summary judgment in favor of the defendants.

and the Appellant's Briefs filed in the two appeals address only issues related to the Adversary Proceeding, 08-3039. As a result, any likelihood of success on these two appeals – which Appellant has failed to show – would not affect the validity of the Order that Appellant seeks to have stayed.

Appellant has failed to demonstrate that he is likely to suffer an irreparable injury if the stay is not granted. Appellant argues that these two appeals will become moot if the Court does not stay the sale of Debtor's property, but he does not explain how appeals regarding entry of summary judgment in an adversary proceeding would be mooted by the Bankruptcy Trustee's sale of a Debtor's property.

Appellant has not shown that the stay would not substantially harm any other party. Rampart began efforts to execute on its judgment against Debtor Butan Valley, N.V. in August 2007, well over one year ago. The Bankruptcy Court has determined that Appellant's conduct in this case has been obstructive and unreasonably delaying. *See* Final Order Awarding Costs and Sanctions [Doc. # 214 in Bankruptcy Case 07-36856]. Additionally, the real estate market has declined significantly since August 2007, and there is no indication that the decline will end in the foreseeable future. Rampart should not be subjected to additional delaying tactics in furtherance of Appellant's January 2008 threat to "drag this forever." *See* Transcript of Reconvened Section 341 Creditors Meeting, p. 25.

Appellant has also failed to show that the requested stay would serve the public interest.  Although he argues correctly that the public interest favors having appeals decided on the merits and not rendered moot, Appellant fails to explain how denying the stay would moot appeals involving summary judgment in the Adversary Proceeding.  Moreover, the public interest is not served by permitting parties to obstruct the administration of legal proceedings by creating unnecessary and unreasonable delay.

Appellant has failed to demonstrate any of the four requirements for a stay pending appeal.  Appellant's statement that Bankruptcy Rule 6004(g) provides that an order authorizing the sale of property "is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise" is irrelevant to his request for a stay because the Order Scheduling Public Auction was entered March 16, 2009, well more than ten business days before the scheduled sale of Debtors' property.  Appellant's bald statement that he holds real estate tax liens on the property is unsupported by any evidence in this record.

Based on the foregoing, it is hereby

**ORDERED** that the Motions for Stay [Docs. # 14 and # 15 in Civil Actions No. 09-0439 and 09-0455] are **DENIED**.

SIGNED at Houston, Texas, this **6**$^{th}$ day of **April, 2009.**

_____
Nancy F. Atlas
United States District Judge

6